UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LANDMARK FINANCIAL SOLUTIONS, LLC,**

      **Plaintiff,**

v.                                    Case No:  6:14-cv-1764-Orl-41GJK

**ROBERT L. WHITESIDE, CYNTHIA A. WHITESIDE and LVNV FUNDING, LLC,**

      **Defendants.**

                                          /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Leave to File Motion for Default Judgment ("Motion for Leave to File," Doc. 31) and Plaintiff's Verified Motion for Default Judgment ("Motion for Default," Doc. 30). United States Magistrate Judge Gregory J. Kelly filed a Report and Recommendation ("R&R," Doc. 36), recommending that the Court deny the Motion for Leave to File as moot, deny the Motion for Default, and dismiss Plaintiff's claims without prejudice. Plaintiff filed a Response and Objections (Doc. 41).

After a *de novo* review of the record in this matter, the Court agrees in part with the analysis in the R&R. As an initial matter, the Court disagrees that the Motion for Leave to File should be denied as moot. Having reviewed the filing, the Court finds that Plaintiff has shown good cause to accept the untimely filed Motion for Default. Therefore, the Motion for Leave to File will be granted and the Court will consider the Motion for Default.

Plaintiff seeks default judgment on three claims seeking foreclosure and related relief. With respect to the Motion for Default, by failing to properly allege a basis for recovery of the amount

due under the Loan Modification Agreement (Doc. 30-4) as well as the Note and Mortgage, Plaintiff has failed to plead a *prima facie* case. *Ernest v. Carter*, 368 So. 2d 428, 429 (Fla. 2d DCA 1979) ("To establish their entitlement to foreclose it was incumbent upon the plaintiffs to prove their agreement, a default by the defendants, that plaintiffs properly accelerated the debt to maturity, and *the amount due*." (emphasis added)).[1] As set forth in the Loan Modification Agreement, "[a]ll covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, *except as herein modified* . . . . " (Doc. 30-4 at 3 (emphasis added)). While the unmodified provisions of the Note and Mortgage were not altered by the modification, the portions of those instruments with respect to the amounts due were modified by the Loan Modification Agreement. Therefore, any right to sums due, both principal and interest thereon, arise out of the Loan Modification Agreement, not the Note and Mortgage alone. Thus, by failing to plead a right to relief under the Loan Modification Agreement, Plaintiff has failed to state a valid claim and is attempting to seek relief outside of the pleadings in violation of Federal Rule of Civil Procedure 54(c). The denial of default judgment is proper.[2]

The Court also agrees that Plaintiff should not be given further leave to amend. At the outset, Plaintiff's Amended Complaint was improperly filed without leave of court as was required by Federal Rule of Civil Procedure 15(a) and should have been stricken. Nevertheless, this Court allowed Plaintiff to proceed on the Amended Complaint. Additionally, Plaintiff was put on notice of its pleading deficiencies by the denial of its first Verified Motion for Default Final Judgment, particularly with respect to its conflicting evidence between its pleadings and its motions. (Mar.

---

[1] The Court also notes that Plaintiff has failed to allege that the debt was *properly* accelerated to maturity in the Amended Complaint. The general allegation that it was accelerated is conclusory and fails to allege proper acceleration in accordance with the parties' agreement.

[2] Having determined that the denial of default judgment was proper on this basis, the Court need not address Plaintiff's remaining objections on this issue.

31, 2015 Order, Doc. 17). This Court is not required to allow any party unlimited attempts to correct its pleadings. Accordingly, Plaintiff will not be given leave to file an amended pleading.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 36) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein.

2. Plaintiff's Motion for Leave to File Motion for Default Judgment (Doc. 31) is **GRANTED**.

3. Plaintiff's Verified Motion for Default Judgment (Doc. 30) is **DENIED**.

4. The Amended Complaint (Doc. 18) is **DISMISSED without prejudice**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record